IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES BROWN,           ) | |
|         Plaintiff, ) | |
| vs.                                       ) | No.  3:18-CV-1548-S-BH |
|                                    ) | |
| 7-ELEVEN, et al.               ) | |
|         Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.

**I.  BACKGROUND**

On June 14, 2018, Charles Brown (Plaintiff) filed this unspecified action against 7-Eleven and Seven & I Holdings Co. (Defendants) for alleged violation of his civil rights. (doc. 3 at 2-4;[1] doc. 8 at 6.[2]) He claims that on August 16, 2016, he walked into a 7-Eleven convenience store with a cup of Kool-Aid in his hand and asked the cashier if he could get some ice. (doc. 3 at; doc. 8 at 4-5, 8.) The cashier did not respond, so he proceeded to get ice and leave the store. (*Id.*) He was allegedly stopped at the door by a male cashier, who pushed him, told him to pour out the Kool-Aid, and then sprayed him with Mace. (*Id.*) A female cashier allegedly made profane statements about what Plaintiff could do to earn money to buy ice and laughed when Plaintiff stumbled and fell as a result of being Maced. (*Id.*) He called 911, and responding paramedics helped him rinse his face

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2]  The plaintiff's verified answers to a magistrate judge's questionnaire constitute an amendment to her complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

1

and ice. (*Id.*) A DART police officer told him not to go back into the store and that he would look into resolving the issue. (*Id.*) Plaintiff claims, without explanation, that Defendants are state actors. (doc. 8 at 4-5.) He seeks to have Defendants found guilty of racial profiling and damages for medical bills, pain and suffering, and emotional damages in the amount of $50,000. (doc. 3 at 3; doc. 8 at 6.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Because he is proceeding *in forma pauperis*, Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III. SECTION 1983

Based on his claims of racial profiling, it appears that Plaintiff is suing under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms."

*Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

In some circumstances, a private party may be acting "under color of state law" and held liable under § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). For example, in *Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004), the Fifth Circuit explained that "[f]or a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id*. at 420 (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (per curiam)). The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights. *Id.* Here, Plaintiff does not allege that Defendants conspired with a state actor.

In the absence of an alleged conspiracy with a state actor, a private party can be held to be a state actor (1) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (2) where the private party has exercised powers that are "traditionally the exclusive prerogative of the state," or (3) where the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the action of the private party must in law be deemed to be that of the state. *Blum*, 457 U.S. at 1004; *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922,

939 (1982) (recognizing three tests for determining whether a private party is acting under color of state law: the public function test, the state compulsion test, and the joint action or nexus test).

Here, Plaintiff claims that Defendants are state actors but alleges no facts to support a finding that they are state actors or that their employees engaged in anything but private conduct under any of the three tests for state action. Because Plaintiff has failed to state a viable claim under § 1983 against Defendants, his complaint should be dismissed.

### IV. RECOMMENDATION

The plaintiff's complaint should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

**SIGNED this 24th day of September, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE